IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN DUNN,<br><br>           Plaintiff,<br><br>vs.<br><br>BRENDA LEUCK, Atty, Douglas County Public Defenders office; DOUGLAS COUNTY COURTS, DOUGLAS COUNTY ATTORNEYS OFFICE EMPLOYEES, and OMAHA POLICE DEPARTMENT, OFFICERS,<br><br>           Defendants. | 8:17CV351<br><br>MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on September 22, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Douglas County Department of Corrections on a charge of robbery pending in the Douglas County District Court of Nebraska. Plaintiff seeks damages under 42 U.S.C. § 1983 for alleged violations of his rights under the 4th, 5th, 6th, and 14th Amendments against the following Defendants in their official capacities: his attorney Brenda Leuck of the Douglas County Public Defenders' Office; the Douglas County Attorney's Office; an unknown Omaha Police Department Officer, referred to as John Doe; and unspecified Douglas County District Court Employees.[1]

---

[1] The identification of Defendants differs slightly between the caption and the body of the Complaint. (*See* Filing No. 1 at CM/ECF pp.1–2.) Plaintiff's listing of Defendants within the

Plaintiff alleges that on or about April 11, 2017, he was arrested in Council Bluffs, Iowa, and placed in custody in Douglas County, Nebraska, based on an illegal warrant. Plaintiff claims Officer John Doe caused the warrant to issue based on false information received from a man named Stephen Pedigo who claimed that Plaintiff had robbed him after Pedigo sold Plaintiff drugs. As a result, Plaintiff claims he is being held in jail in violation of his 4th, 5th, and 14th Amendment rights for a crime he denies he committed.

Plaintiff further claims that his attorney, Brenda Leuck, is ineffective and verbally abusive to him. Plaintiff alleges Leuck does not follow Plaintiff's instructions regarding the handling of his criminal case and refuses to let him see any of the statements against him because she made a contract with the Douglas County Attorney's Office to withhold such information from Plaintiff. Plaintiff claims Leuck threatens him that if he refuses to take a plea deal, he will remain in jail longer. Plaintiff alleges he has attempted to convey his desire to remove Leuck from his case to the district court judge assigned to his case, but has been unable to do so because Douglas County District Court employees reroute his mail for the court to Leuck.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

---

body of the Complaint clearly identifies the parties Plaintiff intends to sue and further specifies that all Defendants are sued in their official capacities. Accordingly, the court concludes the Defendants in this case are the parties identified in the body of the Complaint.

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A. Brenda Leuck**

Plaintiff makes claims against the attorney representing him in his state court proceedings, Brenda Leuck of the Douglas County Public Defenders' Office. The

crux of Plaintiff's argument with respect to Leuck is that she has been ineffective in her representation of him and has conspired with other Defendants to violate Plaintiff's constitutional rights.

Section 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. However, a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under § 1983." (citing *Tower v. Glover*, 437 U.S. 914, 923 (1984)).

Plaintiff alleges that Leuck has entered into an agreement with the Douglas County Attorney's Office to withhold information about Plaintiff's criminal case from him. However, Plaintiff has sued Leuck in her official capacity only. Liberally construed, Plaintiff's claims against Leuck are claims against Douglas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) In order to state a plausible claim against Douglas County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B*

*v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that Douglas County practices any unconstitutional misconduct, that any Douglas County policymaking officials authorized any unconstitutional misconduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Douglas County. In light of this, Plaintiff's claims against Leuck in her official capacity are dismissed. *See Herzog v. O'Neil*, No. 8:10CV313, 2011 WL 1398475, at *3 (D. Neb. Apr. 13, 2011) (concluding official capacity claim against public defender was actually claim against county who employed the public defender); *see also Jackson v. Grand Forks Cty. Corr. Ctr. Med. Dep't*, No. 2:14-CV-103, 2015 WL 4210875, at *2 (D.N.D. July 10, 2015) (same).

On the court's own motion, the court will allow Plaintiff to file an amended complaint that sufficiently alleges a claim for relief against Leuck in her individual capacity.

**B. Douglas County Attorney's Office**

Plaintiff also fails to state a plausible claim for relief against the Douglas County Attorney's Office. First, a county attorney's office is not a "person" subject to suit under 42 U.S.C. § 1983. *Hancock v. Washtenaw Cty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). Second, even if the court liberally construes Plaintiff's claims against the Douglas County Attorney's Office as claims against Douglas County, municipal liability cannot be imposed absent factual allegations that unlawful actions were taken pursuant to a municipality's unconstitutional policy or custom. *Monell*, 436 U.S. at 694. Plaintiff has not alleged any policy or custom caused a violation of Plaintiff's constitutional rights.

The court concludes that it would be futile to allow Plaintiff an opportunity to amend his Complaint to name an individual defendant in place of the Douglas County Attorney's Office. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id*. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

Here, Plaintiff alleges only that his public defender entered into an agreement with the Douglas County Attorney's Office to withhold information from him related to his criminal case. Plaintiff does not allege any facts against the Douglas County Attorney's Office that would fall outside the scope of its prosecutorial functions during Plaintiff's criminal proceedings. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds by Burns v. Reed*, 500 U.S. 478 (1991) ("[T]he decision to file charges is protected, even in

6

the face of accusations of . . . conspiracy to prosecute for a crime that never occurred."); *Rachuy v. Murphy Motor Freight Lines, Inc.*, 663 F.2d 57, 58 (8th Cir.1981) (holding prosecutor immune from suit where plaintiff alleged prosecutor conspired with other defendants to deprive him of his rights by charging him with a crime that had not occurred, failing to disclose evidence favorable to him, and fabricating evidence against him)). Accordingly, the court will dismiss Plaintiff's claims against the Douglas County Attorney's Office with prejudice.

**C. Omaha Police Officer John Doe**

Plaintiff asserts Fourth Amendment and equal protection claims against an unknown officer with the Omaha Police Department, referred to as John Doe, in the officer's official capacity. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). As a municipality, the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694). Plaintiff has not made any allegations supporting a policy, custom, or failure-to-train claim.

On the court's own motion, the court will allow Plaintiff to file an amended complaint that sufficiently alleges a claim for relief against the officer in his individual capacity.

**D. Douglas County District Court Employees**

Liberally construed, Plaintiff alleges unidentified Douglas County District Court employees violated his constitutional right to access the courts when they rerouted his mail intended for the court to his attorney, Leuck. Plaintiff's bare, conclusory allegation lacks sufficient factual support to state a plausible claim for

7

relief and fails to identify any specific individual responsible for the alleged violations. Additionally, Plaintiff has sued the court employees in their official capacity and, liberally construed, his claim is against their employer, Douglas County. As explained above, liability cannot be imposed upon Douglas County absent factual allegations that unlawful actions were taken pursuant to the county's unconstitutional policy or custom. *Monell*, 436 U.S. at 694. Plaintiff has not alleged any Douglas County policy or custom caused a violation of his constitutional rights.

As with Plaintiff's claims against Leuck and Officer John Doe, the court will give Plaintiff the opportunity to amend his Complaint to state a plausible claim for relief against specific individual Douglas County District Court employees.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff included a request for the appointment of counsel. (Filing No. 1 at CM/ECF p.5.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. The clerk's office is directed to modify the names of the last three Defendants listed in CM/ECF as follows: "Douglas County District Courts Employees"; "Douglas County Attorney Office"; "Omaha Police Officer John Doe of the Omaha Police Department." The clerk's office is further directed to modify the listing of all four Defendants in the caption to indicate that each Defendant is named in their official capacity.

2. Plaintiff's claims against the Douglas County Attorney's Office are dismissed with prejudice.

3. Plaintiff shall file an amended complaint by **March 12, 2018**, that states a claim upon which relief may be granted against Brenda Leuck, Officer John Doe, and specific individual Douglas County District Court employees. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: **March 12, 2018**: check for amended complaint.

Dated this 9th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge